UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**WORLD GROUP SECURITIES, INC.,**
        **Plaintiff,**

    v.                                                                         Case No. 06C0937

**BARBARA IRSCH,**
        **Defendant.**

---

### ORDER

      Beginning in the 1990s, defendant Barbara Irsch purchased securities on the advice of broker Neil Moderson, who worked for WMA Securities ("WMA"). Defendant and WMA agreed to arbitrate any disputes that might arise out of their interactions. In 2002, plaintiff World Group Securities purchased the assets of WMA. In 2006, defendant initiated an arbitration proceeding against WMA regarding advice that Moderson gave to her between 1994 and 2001. She named plaintiff as a respondent. Plaintiff then brought the present action, seeking a declaration that it is not subject to the arbitrator's jurisdiction and seeking to permanently enjoin defendant from pursuing her claims against plaintiff through arbitration. I have diversity jurisdiction over the matter. Plaintiff now moves for summary judgment.

      I construe the evidence in the light most favorable to defendant, as the non-movant, and will grant plaintiff's motion only if no reasonable fact finder could find in defendant's favor. See Anderson v. Liberty Lobby, 477 U.S. 242, 255 (1986). "Arbitration is a matter of contract, and a party cannot be required to submit to arbitration any dispute which he has not agreed to submit." AT&T Techs., Inc. v. Commc'n Workers of Am., 475 U.S. 643,

648 (1986). Defendant has conceded that she never entered into an arbitration agreement with plaintiff; she relies on an assertion that, by purchasing WMA's assets, plaintiff succeeded to WMA's obligations, one of which was its obligation to arbitrate with defendant. As a general rule, a corporation that purchases the assets of another does not succeed to the seller's liabilities and obligations. Liannis v. Cincinnati, Inc., 565 F.2d 437, 439 (7th Cir. 1977). And in the present case, the asset purchase agreement between WMA and plaintiff expressly states that plaintiff was not assuming WMA's obligations, liabilities or responsibilities through the purchase.

Defendant's only defense is her suggestion that the transaction between WMA and plaintiff may have been fraudulent. Under Florida law, which the parties agree governs the asset purchase agreement at issue, a corporation that purchases the assets of another succeeds to the seller's liabilities if the transaction involved a fraudulent attempt by the seller to avoid its liabilities. Lab. Corp. v. Prof'l Recovery Network, 813 So. 2d 266, 269 (Fla. Dist. Ct. App. 2002). However, plaintiff has presented evidence that it purchased WMA through an arm's-length agreement and that there was no fraud involved. Plaintiff has provided evidence that it negotiated with WMA over a long period of time, that the parties engaged in good faith and non-collusive bargaining and that the sale was supported by adequate consideration. Defendant contends that plaintiff's evidence is not sufficient, but she has provided no evidence to the contrary. Thus, I must conclude that no reasonable fact finder could conclude that plaintiff's purchase of WMA's assets was anything other than a bona fide transfer.

As such, there is no evidence that plaintiff succeeded to WMA's obligation to arbitrate with Irsch and therefore plaintiff is not subject to the arbitrator's jurisdiction in the

2

Case 2:06-cv-00937-LA   Filed 11/06/07   Page 2 of 4   Document 37

arbitration styled <u>Barbara A. Irsch v. WMA Securities n/k/a World Group Securities Inc., United Securities Alliance, Inc., and Woodbury Financial Services, Inc.</u>, NASD-DR Case No. 06-03232. See <u>AT&T Techs.</u>, 475 U.S. at 648.

I turn to whether injunctive relief is proper. A party is only entitled to such relief if it has succeeded on the merits, will be irreparably harmed without such relief, will suffer potential injury that outweighs any potential harm the injunction may injlict on the opposing party, and if an injunction is consistent with the public interest. <u>N.L.R.B. v. Electro-Voice, Inc.</u>, 83 F.3d 1559, 1567 (7th Cir. 1996); <u>Plummer v. Am. Inst. of Certified Pulbic Accountants</u>, 97 F.3d 220, 229 (7th Cir. 1996). I have already found that plaintiff succeeds on the merits. Further, plaintiff would be irreparably harmed if defendant forced it to participate in arbitration. See <u>McLaughlin Cormley King Co. v. Terminix Int'l Co.</u>, 105 F.3d 1192, 1194 (8th Cir. 1997); <u>Chi. Sch. Reform Bed. of Tr. v. Diversified Pharm. Servs.</u>, 40 F. Supp. 2d 987, 996 (N.D. Ill. 1999). An injunction will cause no harm to defendant, as it will only prevent her from taking action that she is not legally entitled to take, and, moreover, will not prevent her from arbitrating her dispute with WMA or other parties or taking plaintiff to court. Finally, I see no reason that the injunction would harm the public interest and defendant has not asserted that an injunction would be improper.

**Therefore,**

**IT IS ORDERED** that plaintiff's motion for summary judgment is **GRANTED**.

**IT IS FURTHER ORDERED** that defendant is permanently enjoined from proceeding against plaintiff in the arbitration styled <u>Barbara A. Irsch v. WMA Securities</u>

3

<u>n/k/a World Group Securities Inc., United Securities Alliance, Inc., and Woodbury Financial Services, Inc.</u>, NASD-DR Case No. 06-03232.

Dated at Milwaukee, Wisconsin this 5 day of November, 2007.

/s_____
LYNN ADELMAN
District Judge